IDA MILLER, APPELLEE, v. LLOYD DIXON, APPELLANT.

127 N. W. 2d 203

Filed March 20, 1964. No. 35549.

C. Morris Gillespie, for appellant.

Barlow Nye and Dewayne Wolf, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

This is an appeal from the judgment of the district court for Buffalo County, Nebraska, which denied the defendant and appellant herein, Lloyd Dixon, a claim of a specific exemption asserted as to a levy made by the sheriff of said county by virtue of an execution issued on a judgment recovered by the plaintiff and appellee, Ida Miller, in the county court of Buffalo County and transcribed to the district court for said county. The execution was issued March 8, 1963, and was delivered to the sheriff on the same day. Under it the sheriff levied on March 20, 1963, on one 33 Model Oliver Combine 1957, taken as the property of the defendant. The sheriff on April 25, 1963, published a notice of sale to be held on May 6, 1963.

On March 29, 1963, the defendant filed a claim for exemption by means of an affidavit. It alleged the defendant was the head of a family consisting of a wife and two minor children; that he was and for 30 years just past had been engaged in agriculture; that his work consisted of custom harvest work; and that the combine was used in that work. It was claimed as exempt from levy and sale on execution and attachment under section 25-1556, R. R. S. 1943, as a tool of his trade. No

claim of exemption in lieu of homestead under section 25-1552, R. R. S. 1943, is made. The affidavit closed with a prayer that the combine be specifically exempted to him under said section, that the sheriff appraise the combine, and that the plaintiff be ordered to post a bond as required by law. The sheriff thereafter called appraisers who valued the combine at $800.

On April 19, 1963, the matter was heard and on April 25, 1963, the court rendered a judgment finding the defendant on the day of the levy was a farmer; that the exemption claimed was not available to him; that the levy was sustained; and that the exemption was disallowed.

The defendant thereupon filed a motion for a new trial and has brought the matter by appeal to this court.

Meantime the transcript discloses that after the judgment of the trial court denying the exemption and sustaining the levy, the First Investment Company, a corporation, on April 30, 1963, filed a motion to intervene alleging a chattel mortgage on the combine. In the motion of the intervener, it is alleged that the mortgage was not recorded at the time of the levy but that it had the status of a purchase money mortgage. On that day, April 30, 1963, the First Investment Company filed a petition in intervention in equity, setting up its mortgage dated March 8, 1962, and seeking to establish a first lien on the combine and to stay the execution pending the determination of the rights of the parties involved. No disposition of the motion or of the petition in intervention is shown.

On May 6, 1963, the plaintiff's execution was returned into district court by the sheriff. The return of the sheriff recites the receipt of the execution, the levy thereof, and publication of the notice of sale. It further shows that on May 3, 1963, the combine was taken from him and out of his possession under a writ of replevin issued by the clerk of the district court for Buffalo County at the suit of First Investment Company; that

the sale was not held as the property was not in his possession; and that the execution was returned unsatisfied.

The plaintiff herein maintains in her brief that the defendant's appeal now presents nothing but a moot question to this court, and seeks to have the appeal dismissed therefore. She contends that upon the replevin of the combine the subject of the controversy was taken out of the sheriff's possession, and that there is nothing for this court to decide. She cites Dodge Agricultural Credit Assn. v. Tighe, 121 Neb. 458, 237 N. W. 404, a case where a receivership had been terminated and a trustee in bankruptcy appointed pending an appeal. Likewise is cited Deines v. Schwind, 89 Neb. 122, 130 N. W. 1051, where the plaintiff sought to recover the custody of his daughter from the defendant who had obtained her custody in an informal adoption proceeding. Pending the appeal, the daughter had attained her majority and thereupon could exercise her own choice. In both of these cases, this court held the record presented nothing but a moot question for determination and dismissed the appeals. A consideration of the cause before us, however, indicates the situation is to be distinguished from that in the cases cited. Here the sheriff made a levy on the combine and it was appraised and advertised for sale. Three days before the sale it was replevied from the sheriff by the First Investment Company. It would appear that this is the same First Investment Company, a corporation, which had filed a motion to intervene and a petition of intervention in equity asserting a chattel mortgage which it admits was not filed for record at the time of the levy but asserts was a first lien by reason of its nature and status as a purchase money mortgage. The intervener has subjected itself to the jurisdiction of the district court by its petition in intervention, expressly asked the court to find its rights superior to those of both the plaintiff and defendant in the property claimed, and requested a stay

of execution pending the determination of the rights of the parties. In the transcript before us, those issues appear to be undetermined and nothing is before this court with respect thereto. This however does not preclude the existence of actual issues remaining for the trial court to determine which may involve the question of the defendant's claim of exemption in the property on which the levy was made. With the combine in the possession of the intervener who has become a party and asked for an adjudication of its rights, we cannot say the issues have been decided or become moot. "A question will not be regarded as moot, even though * * * the happening of some event may have rendered it moot in some respects, if there are still rights or liabilities that may be affected by its determination." 5 Am. Jur. 2d, Appeal and Error, § 766, p. 209.

It therefore becomes necessary for us to pass upon the question presented by the defendant's appeal. Defendant concedes in his brief that the evidence shows that a substantiated levy was made and has withdrawn his motion to quash the same; and that the only question before us is his claim of exemption from levy.

Defendant's assignments of error, as far as need be considered by us, may be said to be: (1) That the judgment is not sustained by the evidence; (2) that the court erred in finding the defendant was a farmer; (3) that the court erred in not finding the combine was exempt from levy; and (4) that the combine should not have been appraised.

The statute, section 25-1556, R. R. S. 1943, under which the defendant claimed the combine as exempt to him, so far as is pertinent to this cause, is here set out. "No property hereinafter mentioned shall be liable to attachment, execution or sale on any final process issued from any court in this state, against any person being a resident of this state and the head of a family: * * * (6) one cow, three hogs, and all pigs under six months old, and if the debtor be at the time actually engaged in the

business of agriculture, in addition to the above, one yoke of oxen, or a pair of horses, in lieu thereof; ten sheep, and the wool therefrom, either in the raw material or manufactured into yarn or cloth; the necessary food for the stock mentioned in this section, for the period of three months; one wagon, cart or dray, two plows and one drag; necessary gearing for the team herein exempted; and other farming implements not exceeding fifty dollars in value; * * * (8) the tools and instruments of any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business; the library and implements of any professional man. All of the articles hereinbefore intended to be exempt, shall be chosen by the debtor, his agent, clerk or legal representative, as the case may be."

The defendant contends that the trial court erred in holding the defendant was a farmer. It is to be noted that the statute does not use the term farmer. In subdivision (6) of section 25-1556, R. R. S. 1943, set out above, are listed certain exemptions granted to all heads of families. Thereafter are enumerated certain additional exemptions which are given debtors who are "at the time actually engaged in the business of agriculture." It is evident that the trial court used the word farmer in his findings concerning the exemptions as a synonym for one engaged in agriculture as mentioned in the statute.

Webster's Third New International Dictionary at page 44 defines "agriculture" as "the science or art of cultivating the soil, harvesting crops, and raising livestock" and also "as the science or art of the production of plants and animals useful to man and in varying degrees the preparation of these products for man's use and their disposal (as by marketing)."

Moreover, it appears that the defendant admitted he was engaged in the business of agriculture in the affidavit hitherto mentioned setting out his exemptions. This was the pleading upon which the issue was raised

and on which it was tried, and constituted a judicial admission thereof. It may be said, though not necessary in view of the admission, that the evidence if summarized clearly shows the defendant was engaged in raising and marketing livestock for himself and harvesting wheat, beets, and milo for others.

Subdivision (6) of section 25-1556, R. R. S. 1943, in enumerating the articles exempt to those engaged in agriculture, does not specifically mention either a combine or any other machine used in harvesting. After setting out certain articles by name, it refers generally to "other farming implements not exceeding fifty dollars in value." It clearly appears that this combine appraised for $800 could not be chosen as exempt under this latter provision.

The defendant objects to the appraisal of the combine claiming that no appraisal is authorized in such cases. It would appear, though it is not necessary to determine in our decision, that some method would have to be taken under subdivision (6) of the cited statute to ascertain the value of the additional machinery authorized to be so exempted up to the $50 limitation prescribed. Be that as it may in the case before us, the defendant in his affidavit asked that it be so appraised. He cannot now object to the doing of that which he requested.

The main contention of the defendant is that he is entitled to claim the combine as exempt under subdivision (8) of section 25-1556, R. R. S. 1943. This exemption covers the tools and instruments of any mechanic, miner, or other person, used and kept for the purpose of carrying on his trade or business. He argues that he is included with the words "other person" whatever his vocation and that the combine is a tool of his trade. However it appears that the rights of those engaged in agriculture are specially mentioned in subdivision (6) of the section. Some of the machinery of such a person is therein enumerated as exempted to him. Any other machinery is plainly restricted to $50

in value. The Legislature's expressed intention of restricting the other machinery to $50 in value would be a useless one if he who was engaged in agriculture could select a combine and other articles of machinery as a tool or instrument of trade under subdivision (8) of the section. Whether tools and instruments as used in subdivision (8) of this section can be said to include large articles of machinery is not necessary for us here to decide.

We have been cited to no decision of this court construing the statute before us as affecting the right of one engaged in agriculture to claim articles as exempt under section 25-1556, R. R. S. 1943. However in Poznanovic v. Maki, 209 Minn. 379, 296 N. W. 415, a farmer claimed an automobile in lieu of a wagon, cart, or dray as exempt under a statute which, though providing for more exemptions, is in many respects substantially the same as that before us, particularly as to the arrangement and the numbering of the subdivisions of the section. It would seem that the Minnesota statute provided for an exemption to farmers by name instead of those engaged in the business of agriculture. The court in the Minnesota case, in construing that statute, said: "Defendant is not a 'mechanic, miner, or other person' within the meaning of that part of 2 Mason Minn. St. 1927, sec. 9447 (8), which provides for the exemption of 'the tools and instruments of a mechanic, miner, or other person, used and kept for the purpose of carrying on his trade.'

"Being neither a mechanic nor a miner, defendant is entitled to claim such exemption only if a farmer is an 'other person.'

"This part of subd. 8 includes persons who earn their living by the use of tools and instruments in whole or part. The term 'other person' derives its meaning by association from the classes specifically enumerated and is restricted by that meaning. It does not include all persons not specifically enumerated. In Grimes v. Bryne, 2 Minn. 72 (89), we said of these words (p. 87):

" 'It is evident that a man may derive his principal support from some business in the exercise of which tools and instruments (probably meaning implements) are absolutely necessary, and still not be strictly a mechanic or miner. It was such persons that were intended to be included by the words, "or other persons," in this subdivision. It should be read, therefore, "The tools and instruments (implements) of every mechanic, minor (miner), or other person, to the exercise of whose trade or business tools or implements are necessary, used or kept for the purpose of carrying on his trade or business, &c. * * *" '

"So construed the term 'other person' does not include a farmer."

The opinion in Poznanovic v. Maki, *supra*, in discussing a Wisconsin case, further stated: "In Bevitt v. Crandall (1865) 19 Wis. 610, 615, a farmer claimed that he came under the term 'other person.' The Wisconsin exemption statute contained separate sections which were substantially the same as subds. 6 and 8 of ours. The court applied the maxim, noscitur a sociis, in construing the term and held that a farmer was not an 'other person' within the meaning of the statute. It pointed out that a farmer's exemptions are provided in the section which corresponds to our subd. 6.

"Such a construction seems to accord with the manifest legislative intent of making specific exemption for each class of debtors according to their needs and circumstances."

We think the decision in the Minnesota case is sound and we in turn hold a combine far exceeding the value of $50 is not exempt from levy or sale to one engaged in agriculture under section 25-1556, R. R. S. 1943, subdivision (6). We think also that a debtor engaged in the business of agriculture is not entitled to an exemption as a mechanic, miner, or "other person" within the statute, section 25-1556, R. R. S. 1943, subdivision (8), exempting tools and instruments of such persons.

It follows that the trial court committed no error in denying the exemption claimed and its judgment is affirmed.

AFFIRMED.