RICHARD ALLEN, APPELLANT, V. SHERIFF OF LANCASTER COUNTY, NEBRASKA, TOM CASADY, AND ADMINISTRATOR OF LANCASTER COUNTY CORRECTIONS, APPELLEES.

511 N.W.2d 125

Filed February 4, 1994.    No. S-93-196.

Beth Tallon, of Legal Services of Southeast Nebraska, for appellant.

John A. Colborn, Chief Deputy Lancaster County Attorney, and Thomas S. Jaudzemis, Deputy Lancaster County Attorney, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

BOSLAUGH, J.

On February 9, 1993, Richard Allen was jailed for contempt of court because he failed to pay a debt to Security Pacific Financial Services of Iowa, Inc., which he had been ordered to pay in a dissolution decree of March 22, 1991. A petition for writ of habeas corpus was filed on Richard's behalf in the district court on February 10, 1993. The petition was dismissed on February 12; however, Richard was ordered released from custody pending a review of the contempt proceedings.

Richard appealed the district court's dismissal of his petition for writ of habeas corpus to the Nebraska Court of Appeals. The Court of Appeals dismissed Richard's appeal as moot, and

this court granted his petition for further review.

In September 1992, Richard's ex-wife, Monika Allen, filed a motion to cite Richard for contempt for failure to comply with the dissolution decree, which required him to pay the parties' debt of approximately $1,900 to Security Pacific and also required him to hold Monika harmless on that debt.

In October 1992, a different district judge commenced an action on his own motion against Richard for contempt in the dissolution case for failure to pay child support.

Richard was appointed an attorney in the child support contempt action; however, despite his request for counsel and assertion of indigency, he was not appointed an attorney in the contempt action for nonpayment of the debt to Security Pacific.

On October 7, 1992, a judgment was entered in the county court against both Richard and Monika on the debt due Security Pacific. Security Pacific filed garnishments against both Richard and Monika.

Richard was found in contempt for failing to pay the debt to Security Pacific. In the child support contempt proceeding, when he had the services of an appointed attorney, Richard was found not in contempt.

On December 11, 1992, Richard was sentenced to 30 days in jail, but the sentence was stayed until February 9, 1993. Allowance was made for Richard to purge himself by the payment of all amounts due to Security Pacific, as well as reimbursement to Monika of all amounts garnished by Security Pacific, at which time the sentence or any remaining portion of the sentence would be vacated. Richard did not comply with the plan to purge himself of the contempt, and he was jailed on February 9.

In this court, Richard assigns as error (1) the Court of Appeals' dismissal of his appeal for mootness, (2) the failure of the district court to appoint an attorney to represent him in the contempt proceeding, and (3) the district court's order of imprisonment for his failure to pay the debt upon which there was a civil judgment in the county court.

In *Walker v. McLain*, 768 F.2d 1181 (10th Cir. 1985), *cert. denied* 474 U.S. 1061, 106 S. Ct. 805, 88 L. Ed. 2d 781 (1986),

the U.S. Court of Appeals for the 10th Circuit, in reviewing the district court's denial of a petition for habeas corpus, was presented with the issue of whether an indigent person facing incarceration in a civil contempt action for nonsupport is entitled to have appointed counsel and also whether the case was moot because the petitioner had served his contempt sentence. The court of appeals not only held that the petitioner was entitled to court-appointed counsel in the contempt proceeding, but that the case was not moot despite the petitioner's release from confinement. The court of appeals found that "although petitioner has been released, the contempt order has never been vacated. Since petitioner may suffer collateral consequences flowing from his contempt conviction, his case is not moot." 768 F.2d at 1183.

Although Richard was released from custody after his petition for habeas corpus was dismissed, the sentence for contempt has not been vacated. The possibility remains that Richard may be jailed again for contempt of court.

Since the sanction for Richard's contempt was coercive, he could only attack it collaterally by habeas corpus. See *Maddux v. Maddux*, 239 Neb. 239, 475 N.W.2d 524 (1991). If the district court determines to incarcerate Richard, the only recourse he will have is by another habeas corpus action.

Because of the collateral consequences flowing from Richard's contempt conviction, his appeal from the district court's dismissal of his habeas corpus action is not moot, and the Court of Appeals erred in dismissing his appeal.

Next we consider Richard's assignments of error concerning the actions of the district court. First, Richard contends he was wrongfully jailed because the district court failed to appoint an attorney to represent him in the civil contempt proceedings for failure to pay the debt to Security Pacific.

This court has held that under the U.S. Constitution, an indigent litigant has a right to appointed counsel when, as a result of the litigation, he may be deprived of his physical liberty. *Carroll v. Moore*, 228 Neb. 561, 423 N.W.2d 757 (1988), *cert. denied* 488 U.S. 1019, 109 S. Ct. 817, 102 L. Ed. 2d 807 (1989). This "right of an indigent to court-appointed counsel may be found in *either* a civil or criminal context." 228 Neb. at

571, 423 N.W.2d at 763.

In this case, the record shows that Richard is indigent. Deprivation of his physical liberty was the consequence of his losing the contempt action against him, and the district court erred in failing to appoint an attorney to represent him in the civil contempt proceedings for failure to pay the debt to Security Pacific.

Finally, Richard argues that the district court erred in imprisoning him for failure to pay a civil debt. Richard contends that since Nebraska's Constitution prohibits imprisonment for a debt in any civil action, he was wrongfully jailed for failure to purge himself of the civil contempt which arose out of the nonpayment of the parties' debt to Security Pacific, which under article I, § 20, of Nebraska's Constitution would be unable to have him jailed for failure to pay the debt.

At the contempt proceedings, Richard, without representation by an attorney, was found in contempt. He was told he could purge himself by paying the balance of the indebtedness, including any amounts that had already been garnished from Monika's wages, and by causing Monika to be dismissed from Security Pacific's action in the county court.

Security Pacific would not voluntarily dismiss Monika from its action in county court and continued to pursue collection of the judgment. The amount owed on the debt was approximately $1,900. Because Richard was unable to pay the debt, the district court's purge plan was unreasonable under *Maddux v. Maddux, supra.*

In *Maddux*, this court held that to be reasonable, the amount of money that a person is required to pay in order to purge himself of contempt must be within the person's ability to pay. The trial court must take into consideration the assets and financial condition of the contemnor and his ability to raise money. *Id.*

At the time of the contempt hearing, Richard was unemployed and had not been employed for more than 6 months previous, despite efforts to find employment. His only source of income at that time was from his present wife's Supplemental Security Income benefits.

The district court erred in ordering Richard to be jailed

unless he purged himself because the purge plan was unreasonable, since the amount Richard was ordered to pay is not within his ability to pay considering Richard's financial condition and his lack of assets.

Because Richard was held in contempt and jailed without the assistance of counsel in violation of his constitutional rights, the judgment of the district court dismissing Richard's petition for writ of habeas corpus is reversed, and the cause is remanded to the Court of Appeals with direction to remand the cause to the district court with direction to discharge Richard from confinement and vacate the order finding him in contempt.

REVERSED AND REMANDED WITH DIRECTIONS.