JIM DEVOR, APPELLANT, V. AMY DEVOR, APPELLEE.

584 N.W. 2d 670

Filed September 1, 1998.   No. A-97-042.

Sandra Hernandez Frantz for appellant.

Roberta S. Stick, of Legal Services of Southeast Nebraska, for appellee.

HANNON, IRWIN, and INBODY, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Jim Devor appeals from an order of the district court denying his application for a protection order. Because we conclude that the district court improperly based the decision to deny the application on gender rather than the merits of the claim, we reverse, and remand for further proceedings.

## II. BACKGROUND

On December 3, 1996, Jim filed an application for a protection order, pursuant to Neb. Rev. Stat. § 42-924 (Reissue 1993). There had been a divorce proceeding filed relating to the marriage of Jim and his wife, Amy Devor, and the parties were apparently living separately at all times relevant to this action. In the application, Jim alleged that Amy had been "willfully and maliciously harass[ing]" him and had "engaged in a knowing and willful course of conduct directed at [him] which seriously terrifie[d], threaten[ed], or intimidate[d him]." Specifically, he alleged that she had been coming to his house, entering without invitation, threatening him, hitting him, calling him at all hours of the night, and leaving messages on his telephone answering machine, as well as harassing his girl friend. At least one of the parties' two minor children lived with Jim at the time.

On December 3, 1996, a protection order was granted, to be effective for a period of 1 year. On December 16, a hearing was held before the district court pursuant to § 42-924(2). The colloquy from that hearing is replicated in the analysis section below. At the conclusion of the hearing, the court entered an order denying Jim's request for a protection order, rendering the previous protection order of no further effect. This timely appeal followed.

## III. ASSIGNMENTS OF ERROR

On appeal, Jim has assigned three errors, which we have consolidated for discussion to one. Jim asserts that the district court erred in denying his application for a protection order.

## IV. ANALYSIS

### 1. District Court Hearing

The entire hearing before the district court comprises less than four pages of testimony. Because of its length, and because it illustrates the point made in our resolution below, we reproduce the entire hearing as follows:

THE COURT: Well, let's see. You're married and you have two different children. The word here is you are calling, leaving messages on the machine, threatening[,] hitting, walking in without being invited, harassing the child.

So there is a divorce filed.

MR. DEVOR: Yes, there is, Your Honor.

THE COURT: Okay.

What difference does it make, Mr. Devor, you don't want to harass her, do you?

MR. DEVOR: No.

THE COURT: And you don't want to hurt her.

And this has nothing to do with child visitation, there has got to be visitation, so I am just going to issue this order telling you not to do what you don't want to do and we'll just assess cost to the divorce and see how that comes out and the cost will be assessed then.

MS. JOHNSON [counsel for Amy]: Just for clarification, this is filed against Mrs. Devor.

THE COURT: It is? It's you [who] are afraid of her.

MR. DEVOR: Because she keeps coming in my house.

THE COURT: She's going to hurt you?

Why don't you change the lock?

MR. DEVOR: I am in a different house. Am I suppose[d] to lock my door when I am living there wit[h] my kids.

THE COURT: Why not? Is that impossible?

I don't want to argue. Just change the lock.

MR. DEVOR: What about the calling on the machine and leaving messages for my little boy to hear.

THE COURT: Don't listen.

MR. DEVOR: My little boy is right there listening in when she calls. I tell him not to answer the phone.

THE COURT: She is going to get to visit the child anyway, so she expects —

MR. DEVOR: If you heard the tapes, you [would] know what I mean.

THE COURT: Did you bring them with you?

MR. DEVOR: No, I don't have them, the cops have [them].

THE COURT: If she is harassing you, have her arrested. These protection orders are not for divorces.

MR. DEVOR: I know that. I am not saying that.

THE COURT: Then why are you here?

MR. DEVOR: Why am I here? Because she comes over to my house all the time and she harasses me.

THE COURT: Harass is not a simple thing, you have to be in fear and you are not afraid of her, you're not afraid of her for a second. You are wasting my time with your marital squabbles.

MR. DEVOR: I do not bother her.

THE COURT: She's not accusing you of that.

MR. DEVOR: You don't know what she's done.

THE COURT: All right, I don't know, then why isn't — why don't you put it in there, that's what you are suppose[d] to do.

You are not the slightest bit afraid of her, you are just wanting to fight back.

Who's your lawyer?

[MR. DEVOR:] Sandra — can't remember her last name, out of Lincoln. Frantz.

THE COURT: Sandra who? Frantz. She didn't tell you to do this.

MR. DEVOR: No, she didn't.

THE COURT: That's good.

MR. DEVOR: The cops told me to do this.

THE COURT: Yes, I believe that. They tell anyone who comes in with a domestic squabble that they don't want to mess with to go see the Judge, get a protection order.

You're not afraid of her and I know it and you know it, you are not afraid of her.

MR. DEVOR: I'm afraid of what she might do.

It's hard telling what she might do.

THE COURT: What reason do you have to be afraid of her?

MR. DEVOR: I don't want my kid to have to hear her.

THE COURT: If she did anything that amounted to anything the cops could arrest her. I can't believe that you are afraid of her.

Request denied.

### 2. RESOLUTION

A protection order pursuant to § 42-924 is analogous to an injunction. *Buda v. Humble*, 2 Neb. App. 872, 517 N.W.2d 622 (1994). The granting or denial of an injunction is reviewed on appeal de novo on the record. *Vaccaro v. City of Omaha*, 6 Neb. App. 410, 573 N.W.2d 798 (1998); *Old Omaha Assn. v. City of Omaha*, 2 Neb. App. 618, 513 N.W.2d 329 (1994). See, also, *Riha v. FirsTier Bank*, 248 Neb. 785, 539 N.W.2d 632 (1995). In a de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court, but where the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Old Omaha Assn. v. City of Omaha, supra*. As such, the district court's order in this case is similarly reviewed de novo on the record.

A review of the colloquy between the court and the parties, as set out above, dictates one conclusion: The district court in the present case did not base the decision to deny the protection order on the pleadings or on the merits, but denied the protection order solely because the applicant was Jim, not Amy. It is apparent that when the hearing began, the court mistakenly believed that Amy was the applicant. From the outset of the hearing, the court was prepared to grant the protection order. The court even stated to Jim, as almost the first statement made during the hearing, that "I am just going to issue this order telling you not to do what you don't want to do . . . ." Because Amy did not even speak at the hearing, this decision was presumably based on the pleadings, the application and affidavit requesting the protection order.

When the court was corrected and informed that the applicant was actually Jim, the court immediately began to indicate that the protection order would be denied. This is so despite the fact that nothing had been adduced at the hearing to indicate that circumstances were any different than they were when the hearing began, except that Jim was the applicant instead of Amy. The court suggested changing the locks, ignoring the calls, or having the police arrest Amy if she continued her actions, but refused to grant the protection order. The court even accused Jim of "wasting [the judge's] time with . . . marital squabbles." Again, nothing had been adduced to indicate any changed circumstances since the outset of the hearing except that the applicant was Jim, not Amy.

In this case, it is obvious that the district court did not consider the pleadings or the merits of the request for a protection order in concluding that the application should be denied. If the court had considered the merits, the court would not have indicated immediate willingness to grant the application when the court believed Amy was the applicant, but unwillingness upon discovering the applicant was Jim. Instead, it is obvious that the court based the decision in this case on some preconceived notions of gender roles, namely, that a man cannot be afraid of a woman and is merely wasting the court's time in seeking a protection order.

We make no ruling on whether the protection order should have been granted or denied. Because the district court did not base the decision in this case on the merits, but, rather, based the decision on an improper basis, gender, the record does not afford us an opportunity to conduct a meaningful de novo review of the merits. As such, we expressly do not reach the merits of Jim's claim.

The case must be remanded for a new hearing on Jim's application. Because of the unusual circumstances of this case, and the obvious preconceived notions of the district court concerning these parties, we direct that the rehearing be conducted by a different district judge.

We note that Jim's application was filed approximately 1½ years ago, and the alleged circumstances occurred at that time, approximately 1½ years ago. Pursuant to § 42-924(3), if the dis-

trict court had granted the protection order, it is apparent that the order would have expired by now because the order may have a term of only 1 year. However, because the 1-year limitation in § 42-924(3) is based upon when the order is entered, rather than when the harassment occurred, the timeliness of Amy's alleged actions in relation to the rehearing will be an issue affecting the merits of Jim's claim, an issue we do not reach, but does not necessarily mean that Jim is not entitled to relief or a rehearing.

## V. CONCLUSION

Because the district court erred in denying the application for a protection order solely on the basis of gender, the court's order is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.