DENISE D. ELSTUN, APPELLANT AND CROSS-APPELLEE, V.
MICHAEL D. ELSTUN, APPELLEE AND CROSS-APPELLANT.
600 N.W. 2d 835

Filed October 8, 1999.    No. S-97-892.

I

Jennifer A. Huxoll, of Legal Services of Southeast Nebraska, for appellant.

Dennis R. Keefe, Lancaster County Public Defender, and Shawn Elliott for appellee.

Mark J. Young for amicus curiae Nebraska Domestic Violence and Sexual Assault Coalition.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
## NATURE OF CASE
Denise D. Elstun applied for a protection order against her husband, Michael D. Elstun. The trial court issued an ex parte protection order that same day. A hearing was subsequently held with both parties present wherein the trial court extended the protection order for 1 year. Denise appealed on grounds not relevant here, and Michael cross-appealed, asserting that the trial court (1) erred in continuing the ex parte protection order, (2) denied him his due-process rights to a fair hearing before an impartial decisionmaker, and (3) erred in not providing him with court-appointed counsel. The Nebraska Court of Appeals affirmed the trial court's order. Michael now petitions this court for further review.

## BACKGROUND
On June 23, 1997, Denise, acting pro se, applied for a protection order against Michael, pursuant to Neb. Rev. Stat. § 42-924 (Reissue 1993), by filling out a preprinted application and affidavit form. In the application, Denise described three incidents which she claimed justified issuance of a protection order.

The trial court issued an ex parte protection order that same day, prohibiting Michael from entering Denise's residence. The

protection order contained a notice section advising Michael that a hearing was set for June 30, 1997, at which time he would have an opportunity to show cause why the protection order should not be extended for 1 year. Michael appeared at the June 30 hearing, pro se, and acknowledged receipt of the protection order. Denise also appeared at the June 30 hearing, represented by counsel.

The trial court asked Denise whether the affidavit and application were correct. Denise responded that they were. The trial court then had Michael sworn and questioned him about the incidents described in the application. When the trial court completed its questioning, counsel for Denise asked leave to question Michael, but the request was denied.

The trial court then called Denise, had her sworn, and questioned her about the incidents described in the application and affidavit. When the trial court finished questioning Denise and Michael, counsel for Denise requested an opportunity to "ask a few clarifying questions." That request was denied. The trial court held that "[b]ased on the evidence that's been provided at the hearing here, I will extend the protection order, as it is currently limited in the Ex Parte Protection Order, for one year . . . ." Denise's counsel then requested leave to "ask a question," but that request was denied, and the parties were excused.

Denise filed a motion for new trial, which was overruled. Subsequently, Denise filed a written motion to expand the scope of the protection order entered on June 30, 1997. The motion was denied. On August 18, Denise filed a notice of appeal from the June 30 order entering the protection order and from the denial of her motion for new trial. On September 5, Denise filed a notice of appeal from the order denying her motion to expand the protection order. Michael cross-appealed, asserting that the trial court (1) erred in continuing the ex parte protection order, (2) denied him his due process rights to a fair hearing before an impartial decisionmaker, and (3) erred in not providing him with court-appointed counsel.

The Court of Appeals affirmed the trial court's order. See *Elstun v. Elstun*, 8 Neb. App. 97, 589 N.W.2d 334 (1999). Michael now petitions this court for further review. Denise did not challenge the decision of the Court of Appeals.

## ASSIGNMENTS OF ERROR

Michael assigns that the Court of Appeals erred in finding that (1) there was sufficient evidence to justify the trial court's issuance of the protection order; (2) Michael was not denied due process of law when he was not permitted a reasonable opportunity to refute or defend against this action, to confront and cross-examine adverse witnesses, and to present evidence and was denied a hearing before an impartial decisionmaker; and (3) Michael did not have a right to court-appointed counsel in the protection order proceedings.

## SCOPE OF REVIEW

A protection order pursuant to § 42-924 is analogous to an injunction. See *State v. McKee*, 253 Neb. 100, 568 N.W.2d 559 (1997). Accordingly, the grant or denial of a protection order is reviewed de novo on the record. See *Robertson v. School Dist. No. 17*, 252 Neb. 103, 560 N.W.2d 469 (1997). In such de novo review, an appellate court reaches conclusions independent of the factual findings of the trial court. However, where the credible evidence is in conflict on a material issue of fact, the appellate court considers and may give weight to the circumstances that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *Village of Brady v. Melcher*, 243 Neb. 728, 502 N.W.2d 458 (1993).

## ANALYSIS

Before we can reach the merits of this case, we must first decide whether this case is moot. A case becomes moot when the issues initially presented in litigation cease to exist or the litigants lack a legally cognizable interest in the outcome of litigation. *Putnam v. Fortenberry*, 256 Neb. 266, 589 N.W.2d 838 (1999). As a general rule, a moot case is subject to summary dismissal. *Duggan v. Beermann*, 245 Neb. 907, 515 N.W.2d 788 (1994).

The trial court entered the protection order on June 30, 1997, and it was to remain in effect for a period of 1 year from the date of the order. Therefore, the protection order expired on June 30, 1998. Once the order has expired, neither Michael nor Denise is

affected by it, and the protection order issues before this court as they relate to Michael and Denise are moot.

However, there are exceptions to the mootness doctrine, and we agree with the Court of Appeals' determination that this is one such exception. An appellate court may review an otherwise moot case if it involves a matter affecting the public interest, *Bamford v. Upper Republican Nat. Resources Dist.*, 245 Neb. 299, 512 N.W.2d 642 (1994), *cert. denied* 513 U.S. 874, 115 S. Ct. 201, 130 L. Ed. 2d 131, or when other " 'rights or liabilities . . . may be affected by its determination,' " *Miller v. Dixon*, 176 Neb. 659, 663, 127 N.W.2d 203, 205 (1964) (quoting 5 Am. Jur. 2d *Appeal and Error* § 766 (1962)). The public interest exception to the rule precluding consideration of issues on appeal due to mootness requires a consideration of the public or private nature of the question presented, desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *Bamford v. Upper Republican Nat. Resources Dist.,* *supra*, citing *Koenig v. Southeast Community College*, 231 Neb. 923, 438 N.W.2d 791 (1989).

Protection orders entered pursuant to § 42-924 are ordinarily limited to a 1-year period, meaning that persons in the position of these parties will seldom be able to get an appeal heard and reviewed quickly enough to make the result meaningful. Because of the 1-year timeframe for protection orders, such cases will almost always be moot by the time an appeal is heard. However, as the Court of Appeals found, the issue raised in this appeal—the proper disposition of applications for protection orders—is a matter affecting the public interest. Accordingly, this case falls within an exception to the mootness doctrine, and a decision on the merits is appropriate.

In his petition for further review, Michael assigned three errors. We granted Michael's petition for further review on a limited basis, which was to address the cross-examination issue. We will not address Michael's other assignments of error in this opinion, and thereby affirm the Court of Appeals' determinations in respect to the other issues unaddressed herein. See *Elstun v. Elstun*, 8 Neb. App. 97, 589 N.W.2d 334 (1999).

Michael asserts that he was denied due process of law at the June 30, 1997, hearing because he was not permitted a reasonable opportunity to refute or defend against the action, to confront and cross-examine adverse witnesses, and to present evidence and was denied a hearing before an impartial decisionmaker.

The Court of Appeals found:

> [T]he record does not show that Mike requested that additional evidence be admitted, that additional questions be asked, or that Denise be cross-examined. The record instead shows that he was provided an ample and unfettered opportunity to present his version of the facts. There being no showing of prejudicial error, we accordingly reject this assignment of error.

*Id.* at 106, 589 N.W.2d at 341.

The Court of Appeals seems to have overlooked Neb. Rev. Stat. § 27-614(1) (Reissue 1995), which provides that "[t]he judge may, on his own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called." The Court of Appeals did note in its analysis of one of Denise's assignments of error that § 27-614 allows a trial court on its own motion to call and interrogate witnesses. The Court of Appeals failed to mention, however, that subsection (1) of § 27-614 specifically provides that all parties are entitled to cross-examine witnesses called by the trial judge.

The trial judge first called Michael to testify and, at the conclusion of the questioning, refused to allow Denise's counsel to cross-examine Michael. The trial judge then called Denise to testify and refused to give Denise's counsel an opportunity to examine Denise after the trial judge's interrogation. The denial of Denise's counsel's requests certainly chilled any thoughts Michael might have had, as pro se, to cross-examine Denise. As such, Michael's rights to cross-examine Denise under § 27-614 were violated.

While we hold that under § 27-614(1) parties have the right to cross-examine witnesses called by a judge, we also note that a ruling regarding the extent, scope, and course of the cross-examination rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *Rahmig v.*

*Mosley Machinery Co.*, 226 Neb. 423, 412 N.W.2d 56 (1987); *Nixon v. Harkins*, 220 Neb. 286, 369 N.W.2d 625 (1985).

## CONCLUSION

Michael was not given an opportunity to cross-examine Denise after the trial judge called her as a witness and questioned her. As such, Michael's statutory right under § 27-614(1) to cross-examine witnesses called by a judge was violated. We accordingly affirm in part and in part reverse the judgment of the Court of Appeals affirming the judgment of the district court.

AFFIRMED IN PART, AND IN PART REVERSED.