RHONDA HAUSER, APPELLEE, V. STEVEN HAUSER, APPELLANT.

611 N.W. 2d 840

Filed June 9, 2000. No. S-99-566.

P. Bradley Dawson, of Clough, Dawson, Piccolo & Jones, for appellant.

Timothy P. Brouillette, of Elliott & Brouillette, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

### INTRODUCTION

On March 24, 1999, the district court for Lincoln County granted Rhonda Hauser an ex parte protection order against Steven Hauser. After a show cause hearing conducted on April 21, the court concluded that the protection order should remain in force for 1 year. Steven appeals.

### FACTUAL BACKGROUND

On December 30, 1998, Rhonda filed a petition and affidavit to obtain a domestic abuse protection order against her then husband, Steven. At the time, Steven was employed by the Nebraska State Patrol. In her petition, Rhonda described two instances of domestic abuse. The court granted the ex parte protection order on December 31.

Thereafter, on January 10, 1999, the parties were given leave to submit supplemental affidavits on the issue of whether the protection order should remain in force for 1 year. In her supplemental affidavit, Rhonda alleged several more instances of abuse by Steven. Steven's affidavit denied Rhonda's claims and asserted that she had assaulted him twice during the marriage. In response to this evidence the court dismissed the petition on January 26, ruling that "the protection order previously entered should be dismissed, without prejudice" because it was presently "impossible to determine the true course of events."

On March 23, 1999, Rhonda filed a second petition for a protection order against Steven. The second petition alleged the same two incidents of abuse from the first petition and also noted that Steven had now been charged with assault regarding

these incidents. On March 24, the court entered an ex parte domestic abuse order.

Steven brought a motion to dismiss the petition, arguing that the court's previous dismissal without prejudice of the first petition for a protection order was "res judicata" for purposes of the second petition. The trial court overruled this motion, and a hearing was held on April 21, 1999, to determine whether the protection order should remain in effect for 1 year.

At the hearing, Rhonda testified about the two incidents alleged in the second petition and an additional incident which occurred on February 3, 1998. Steven's attorney objected, stating

at this time I would move — make an objection on the basis that it [the February 3, 1998, incident] is not in conformity with the petition and affidavit to obtain a protection order filed on behalf of the petitioner herein as there is no allegation concerning February 1998 made in writing or in support of her affidavit used to obtain the order.

The trial court overruled the objection. Rhonda then testified regarding three other incidents of abuse. Steven's attorney objected to this testimony on the same grounds. His objections were again overruled. Steven's attorney cross-examined Rhonda on all aspects of her testimony. In addition, there was testimony at trial that the assault charges pending against Steven had been reduced from felony assault to a misdemeanor. Steven did not testify.

The trial judge found that the evidence showed Steven engaged in acts of violence against Rhonda during calendar year 1998 and that Rhonda was legitimately in fear of Steven. Accordingly, the court ordered that the protection order entered on March 24, 1999, remain in effect for 1 year. Steven appeals from this ruling. We moved the case to our court pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## ASSIGNMENTS OF ERROR

Steven asserts, restated, that the trial court erred in (1) violating his right to procedural due process by overruling his objec-

tions to testimony regarding incidents not pled in the second petition, (2) determining that the second protection order petition was not barred under the doctrine of res judicata, and (3) finding that Rhonda met her burden of proof to show that the permanent protection order should be granted.

## STANDARD OF REVIEW

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Hron v. Donlan, ante* p. 259, 609 N.W.2d 379 (2000).

## ANALYSIS

Regarding Steven's due process claim, it is a longstanding rule that "for a question of constitutionality to be considered on appeal, it must have been properly raised in the trial court." *State ex rel. Shepherd v. Neb. Equal Opp. Comm.*, 251 Neb. 517, 521, 557 N.W.2d 684, 689 (1997). The record shows that Steven did not raise any issue of procedural due process before the trial court. An appellate court will not consider a constitutional question unless it has been properly presented to the trial court for disposition. *State ex rel. Sileven v. Spire*, 243 Neb. 451, 500 N.W.2d 179 (1993). For this reason we will not consider Steven's due process claim.

We also note that although Steven assigns as error the sufficiency of the evidence used to enter the protection order, he devotes no argument in his brief to this issue. Errors that are assigned but not argued will not be addressed by an appellate court. *State v. Baue*, 258 Neb. 968, 607 N.W.2d 191 (2000); *State v. Harrold*, 256 Neb. 829, 593 N.W.2d 299 (1999). We will, therefore, not address this assignment of error. Thus, the only remaining issue before us is Steven's claim that the second protection order is barred by res judicata.

Because the protection order in this case has expired, the remaining issue presented has ceased to exist, rendering the case moot. Appeals involving the granting of a protection order will almost always be moot before the case is heard because of the time-limited nature of a protection order. *Hron, supra; Elstun v.*

*Elstun*, 257 Neb. 820, 600 N.W.2d 835 (1999). However, we have recognized that under certain circumstances, an appellate court may entertain the issues presented by a moot case when the claims presented involve a matter of great public interest or when other rights or liabilities may be affected by the case's determination. *Id.*

In determining whether the public interest exception should be invoked, the court considers the public or private nature of the question presented, the desirability of an authoritative adjudication for future guidance of public officials, and the likelihood of future recurrence of the same or a similar problem. *Hron, supra*; *Greater Omaha Realty Co. v. City of Omaha*, 258 Neb. 714, 605 N.W.2d 472 (2000).

Steven's res judicata claim does not merit the application of the public interest exception. His claim is private and unique to the facts of this particular case, and as such, an authoritative adjudication for future guidance would be of limited value. See *Hron v. Donlan, ante* p. 259, 609 N.W.2d 379 (2000).

Neither does the expired protection order at issue in this case affect any other rights or liabilities. While Steven alleges in his brief that because of the granting of the protection order he "may be subject to certain employment ramifications [or] that he may also face future state misdemeanor or felony criminal prosecutions under §42-924 [and] 18 U.S.C. §2261(a)(1) or 18 U.S.C. §2261 (a)(2)," brief for appellant at 14, the record is devoid of any evidence to show that Steven was criminally convicted of any crime as a result of the issuance of the protection order, or that any other rights or liabilities were actually affected by the issuance of the protection order. Steven has failed to demonstrate any reason which would justify the application of any exception to the mootness doctrine. See, *Hron, supra*; *Elstun, supra*.

## CONCLUSION

Because we have concluded that this appeal is moot and that no exceptions to the mootness doctrine apply, the appeal is dismissed.

APPEAL DISMISSED.