In re Interest of Kodi L., a child under 18 years of age.
State of Nebraska, appellee, v.
Michael L., appellant.
___ N.W.2d ___

Filed December 13, 2013.   No. S-13-242.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
2. **Paternity.** The proper legal effect of a signed, unchallenged acknowledgment of paternity is a finding that the individual who signed as the father is in fact the legal father.
3. ____. An acknowledgment of paternity can be challenged on the basis of fraud, duress, or material mistake of fact.
4. **Appeal and Error.** In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error.
5. ____. Errors assigned but not argued will not be addressed on appeal.
6. ____. An issue not presented to or passed on by the trial court is not appropriate for consideration on appeal.

Appeal from the County Court for Madison County: Ross A. Stoffer, Judge. Affirmed.

Joel E. Carlson, of Stratton, DeLay, Doele, Carlson & Buettner, P.C., L.L.O., for appellant.

Gail E. Collins, Deputy Madison County Attorney, for appellee.

Bradley C. Easland, of Morland, Easland & Lohrberg, P.C., guardian ad litem.

Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Wright, J.
## NATURE OF CASE
Michael L. appeals his exclusion and dismissal from the juvenile proceedings involving Kodi L. The juvenile court dismissed Michael because it found that the acknowledgment of paternity signed by him was fraudulent. Although Michael was not Kodi's biological father, he was named as Kodi's father

in the juvenile proceedings based upon the acknowledgment of paternity.

Under Neb. Rev. Stat. § 43-1409 (Reissue 2008), a notarized acknowledgment of paternity creates a rebuttable presumption of paternity that can be challenged only on the basis of fraud, duress, or material mistake of fact. In the instant case, the juvenile court found that the acknowledgment of paternity was fraudulent, because Michael knew when he signed it that he was not Kodi's biological father. Therefore, the presumption of paternity was rebutted, and the court dismissed Michael from the proceedings. We affirm.

## SCOPE OF REVIEW

[1] We review juvenile cases de novo on the record and reach our conclusions independently of the juvenile court's findings. *In re Interest of Edward B.*, 285 Neb. 556, 827 N.W.2d 805 (2013).

## FACTS

Shawntel H. gave birth to Kodi in August 2012. Shortly after Kodi's birth, Shawntel and Michael signed a sworn acknowledgment of paternity naming Michael as Kodi's biological father before a notary public. When they executed the acknowledgment of paternity, both Shawntel and Michael were aware that Michael was not Kodi's biological father. Despite this fact, they requested that the birth certificate name Michael as the father and that Kodi take Michael's last name. In the months following Kodi's birth, Michael lived with Shawntel and Kodi in an apartment.

On December 5, 2012, Kodi was removed from the home based on Shawntel's use and sale of methamphetamine. The State subsequently filed an amended juvenile petition alleging that Kodi was a child within Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008). Shawntel admitted the allegations, and the county court for Madison County, sitting as a juvenile court, granted the petition for adjudication. It ordered that Kodi be placed in the custody of the Department of Health and Human Services. In the amended petition, Michael was identified as Kodi's father.

On February 15, 2013, Kodi's guardian ad litem moved to exclude Michael from the juvenile proceedings, challenging on the basis of fraud the acknowledgment of paternity signed by Michael. The guardian ad litem alleged that the acknowledgment was fraudulent because Shawntel and Michael signed it despite knowing that Michael was not Kodi's biological father.

On February 21, 2013, the juvenile court held a hearing on the motion to exclude. At this hearing, Michael was present and was acknowledged as "[t]he juvenile's father."

In support of the motion to exclude, the guardian ad litem presented testimony from Kari Kraenow, the Department of Health and Human Services caseworker assigned to the case. Following Kodi's removal from the home, Kraenow had talked with Shawntel and Michael about Kodi's paternity. Both Shawntel and Michael told Kraenow that Shawntel was already pregnant when they met, but that Shawntel did not want the biological father to be involved. Shawntel and Michael told Kraenow that Michael signed the acknowledgment of paternity because they both wanted him to be Kodi's father. According to Kraenow, Shawntel recognized that "Jack D." was Kodi's biological father, but she identified Michael as the "legal father." Kraenow also testified that both Shawntel and Michael admitted to knowing Michael was not Kodi's biological father when they signed the acknowledgment of paternity.

On cross-examination, Michael told a similar story regarding why he signed the acknowledgment of paternity. He admitted that he and Shawntel knew when they signed the acknowledgment that he was not Kodi's biological father. They signed it because they wanted Michael "to be the father." According to Michael, he and Shawntel "didn't want [the biological father] to being [sic] any part of . . . Kodi's life. And so [Michael] stepped up as a man to be the father of that child." Despite testifying that he did not read the acknowledgment before signing it, Michael stated that he knew the acknowledgment was "to clarify who the parents were." He would not admit that he knew the acknowledgment was false when he signed it, but seemed to believe that the biological father did not need

to be involved or did not have the right to be involved because the pregnancy was the result of an alleged rape. (Shawntel had never filed a complaint about the alleged rape or reported it to the authorities.)

Evidence was adduced that Michael was facing charges and possible incarceration for 13 felony counts. The guardian ad litem also offered into evidence a "DNA Test Report" showing that there was a 0-percent probability that Michael was Kodi's biological father.

At the conclusion of the hearing, the juvenile court found that the guardian ad litem had met its burden under § 43-1409 to rebut the presumption of paternity arising from the notarized acknowledgment of paternity. The court found that the acknowledgment was fraudulent because "both Shawntel . . . and Michael . . . admitted that at the time they signed said document they both knew that Michael . . . was not the biological father of Kodi." Because the presumption was rebutted, the court ruled that the acknowledgment was "of no force and effect at this point in time." Based on the DNA test results, the court found that "there is a zero percent chance that [Michael] is the biological father of Kodi." Therefore, it concluded that "there is nothing in the Juvenile Petition filed herein that applies to Michael . . . as he is not the biological father of Kodi . . . nor is he the step-parent to Kodi." Accordingly, the court granted the guardian ad litem's motion to exclude Michael and dismissed him from the proceedings.

Michael timely appeals. Pursuant to our statutory authority to regulate the dockets of the appellate courts of this state, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENT OF ERROR

Michael assigns that the juvenile court erred in excluding him as a party to the proceedings.

## ANALYSIS

[2,3] The juvenile court excluded Michael because it found that the presumption of paternity arising from the notarized acknowledgment of paternity had been successfully rebutted.

Our case law provides that "the proper legal effect of a signed, unchallenged acknowledgment of paternity is a finding that the individual who signed as the father is in fact the legal father." *Cesar C. v. Alicia L.*, 281 Neb. 979, 985, 800 N.W.2d 249, 254 (2011). However, an acknowledgment of paternity can be challenged "on the basis of fraud, duress, or material mistake of fact." § 43-1409. In the instant case, the juvenile court determined that the acknowledgment was fraudulent and, accordingly, set it aside as having no legal effect.

[4,5] Michael does not argue that it was error to set aside the acknowledgment as fraudulent. In order to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *J.P. v. Millard Public Schools*, 285 Neb. 890, 830 N.W.2d 453 (2013). Errors assigned but not argued will not be addressed on appeal. *Peterson v. Ohio Casualty Group*, 272 Neb. 700, 724 N.W.2d 765 (2006). Therefore, because Michael does not argue that it was error to set aside the acknowledgment, we do not review the juvenile court's decision to set it aside.

[6] Michael argues that the juvenile court erred in excluding him from the proceedings because he "was an active physical custodian and caregiver of [Kodi]." Brief for appellant at 6. But he did not make that argument before the juvenile court. When announcing its ruling, the juvenile court emphasized multiple times that Michael was excluded only to the extent that he was not Kodi's legal father, as had been alleged in the amended petition. Michael then asked whether he might be allowed to participate on other grounds, and the juvenile court left open the possibility that he could participate based on "another legal theory" besides paternity. Despite that opportunity, the record does not reflect that Michael has made any motions in the juvenile court to intervene or be named as a party in Kodi's juvenile proceedings on the basis of any relationship besides paternity. "[A]n issue not presented to or passed on by the trial court is not appropriate for consideration on appeal." *Sherman T. v. Karyn N.*, 286 Neb. 468, 475, 837 N.W.2d 746, 753 (2013). Michael did not argue before the

juvenile court that he was Kodi's custodian. Therefore, we do not consider that argument on appeal.

In summary, Michael argues that he should be included as a party on grounds not presented to the juvenile court. Yet, he fails to challenge the juvenile court's key decision leading to his exclusion—the setting aside of the acknowledgment of paternity as fraudulent. As such, the only question properly before this court is whether the juvenile court erred in dismissing Michael from the proceedings after it had set aside the acknowledgment of paternity.

We find no error in this regard. Once the acknowledgment was set aside, Michael could no longer claim that he was Kodi's legal father. And the evidence before the juvenile court conclusively established that Michael was not Kodi's biological father. The acknowledgment was Michael's sole basis for claiming that he was Kodi's father. Therefore, once the acknowledgment was set aside, he had no interest in the juvenile proceedings as a father. The juvenile court did not err in excluding Michael, because he was neither the legal nor the biological father.

### CONCLUSION

For the aforementioned reasons, we affirm the juvenile court's order dismissing Michael from the juvenile proceedings.

Affirmed.

Heavican, C.J., not participating.

———————

State of Nebraska, appellee, v.
Gregory D. Fester II, appellant.
___ N.W.2d ___

Filed December 13, 2013.    No. S-13-401.

1. **Effectiveness of Counsel: Appeal and Error.** A claim that defense counsel provided ineffective assistance presents a mixed question of law and fact. An appellate court reviews the district court's factual findings for clear error. Whether defense counsel's performance was deficient and whether the defendant was prejudiced by that performance are questions of law that the appellate court reviews independently of the district court's decision.