Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/24/2017 09:08 AM CST

D.I., appellee, v. William R. Gibson
and Tylynne Bauer, in their official
capacities as employees of the State
of Nebraska, et al., appellants.

___ N.W.2d ___

Filed February 24, 2017.    No. S-15-1166.

1. **Attorney Fees.** Whether attorney fees are authorized by statute or by the court's recognition of a uniform course of procedure presents a question of law.
2. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Attorney Fees.** Attorney fees and expenses are recoverable only in such cases as are provided for by statute, or where the uniform course of procedure has been to allow such recovery.
4. **Records: Appeal and Error.** It is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.
5. **Appeal and Error.** An issue not presented to or passed on by the trial court is not appropriate for consideration on appeal.
6. **Convicted Sex Offender.** The Sex Offender Commitment Act specifies that a subject is entitled to the rights provided in Neb. Rev. Stat. §§ 71-943 to 71-960 (Reissue 2009) during proceedings concerning the subject under the Sex Offender Commitment Act.
7. **Convicted Sex Offender: Right to Counsel.** Neb. Rev. Stat. § 71-945 (Reissue 2009) authorizes the appointment of counsel for subjects involved in proceedings under the Sex Offender Commitment Act.
8. **Convicted Sex Offender: Right to Counsel: Attorney Fees.** Neb. Rev. Stat. § 71-947 (Reissue 2009) expressly provides for the payment of fees for appointed counsel under the Sex Offender Commitment Act.
9. **Habeas Corpus: Convicted Sex Offender.** Neb. Rev. Stat. § 71-959(9) (Reissue 2009) contemplates the filing of a petition for a writ of habeas corpus by a subject in custody or receiving treatment under the Sex

Offender Commitment Act for the purpose of challenging the legality of his or her custody or treatment.

10. **Statutes.** Statutes relating to the same subject, although enacted at different times, are in pari materia and should be construed together.

11. **Convicted Sex Offender: Right to Counsel: Attorney Fees.** An attorney validly appointed by a court to assist an indigent subject in a habeas corpus proceeding challenging the subject's custody or treatment under the Sex Offender Commitment Act is entitled to attorney fees under Neb. Rev. Stat. § 71-947 (Reissue 2009).

Appeal from the District Court for Madison County: MARK A. JOHNSON, Judge. Affirmed.

Douglas J. Peterson, Attorney General, James D. Smith, and Joseph M. Smith, Madison County Attorney, for appellants.

Ryan J. Stover, of Stratton, DeLay, Doele, Carlson & Buettner, P.C., L.L.O., for appellee.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

CASSEL, J.

## INTRODUCTION

The district court ordered a county to pay the fees and expenses of a court-appointed attorney who represented an indigent subject challenging his custody under the Sex Offender Commitment Act (SOCA)[1] through a petition for a writ of habeas corpus. Because we find statutory authorization for appointment and payment of counsel to represent an indigent subject under the SOCA and for a subject to challenge his or her custody or treatment under the SOCA by filing a petition for a writ of habeas corpus, we affirm the court's order.

## BACKGROUND

In 2006, the mental health board for Douglas County committed D.I. to the Norfolk Regional Center in Madison County for treatment as a dangerous sex offender under the SOCA. On

---

[1] Neb. Rev. Stat. §§ 71-1201 to 71-1226 (Reissue 2009).

appeal, this court upheld the commitment.[2] During the SOCA proceedings, the Douglas County public defender's office represented D.I.

Subsequently, D.I. filed with the district court for Madison County a pro se petition for a writ of habeas corpus. He sought immediate release from the Norfolk Regional Center. The court allowed D.I. to proceed in forma pauperis. At some point, attorney Ryan Stover began to represent him. The record does not contain any certificate or motion for appointment of counsel. Likewise, the record does not show any objection to the appointment. There is no bill of exceptions from the habeas proceeding, as it was submitted upon stipulated facts. The written stipulated facts were settled as a "statement of evidence on which the Court relied" in denying habeas relief. Stover represented D.I. for the remainder of the proceeding in the district court, which ultimately dismissed D.I.'s petition, and in an unsuccessful appeal to this court.[3]

After the district court spread our mandate, Stover filed an application for an order fixing attorney fees and expenses and attached a copy of an official county claim form showing attorney fees of $6,067.50 and expenses of $192.37. Stover's application recited that he was "attorney by Court appointment for [D.I.]," but otherwise the record in the instant appeal is silent regarding Stover's appointment. The respondents objected in writing to Stover's application, "because there [was] no authority for [the district court] to order payment of attorneys' fees or costs by any governmental entity in the [habeas corpus proceeding]." The respondents cited two cases, which we discuss later in this opinion. The respondents' written objection did not refer to Stover's appointment. Nor did the objection take any issue with the amount that Stover sought. The court ordered Madison County to pay Stover's fees and expenses in the amount of $6,259.87.

---

[2] See *In re Interest of D.I.*, 281 Neb. 917, 799 N.W.2d 664 (2011).

[3] See *D.I. v. Gibson*, 291 Neb. 554, 867 N.W.2d 284 (2015).

The respondents, in their official capacities as employees of the State of Nebraska; Madison County; the State on behalf of its political subdivision, Madison County; and the Attorney General, on behalf of the State (collectively the State) filed a timely appeal. We moved the case to our docket.[4] Shortly before oral arguments, we directed the parties to submit supplemental briefs. They have done so, and we have considered their submissions.

## ASSIGNMENT OF ERROR

The State assigns that the district court erred by "fixing and ordering the payment of attorney fees and expenses" for Stover.

## STANDARD OF REVIEW

[1,2] Whether attorney fees are authorized by statute or by the court's recognition of a uniform course of procedure presents a question of law.[5] We independently review questions of law decided by a lower court.[6]

## ANALYSIS

[3] We have long held that attorney fees and expenses are recoverable only in such cases as are provided for by statute, or where the uniform course of procedure has been to allow such recovery.[7] On appeal, the State initially argued that the district court had no authority to order the payment of fees for court-appointed counsel in a habeas corpus proceeding. The State relied upon our precedent disallowing attorney fees in a habeas corpus proceeding. In *In re Application of Ghowrwal*,[8]

---

[4] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[5] *In re Guardianship of Brydon P.*, 286 Neb. 661, 838 N.W.2d 262 (2013).

[6] *Id.*

[7] See, e.g., *State ex rel. Ebke v. Board of Educational Lands & Funds*, 159 Neb. 79, 65 N.W.2d 392 (1954); *Higgins v. Case Threshing Machine Co.*, 95 Neb. 3, 144 N.W. 1037 (1914).

[8] *In re Application of Ghowrwal*, 207 Neb. 831, 301 N.W.2d 349 (1981).

a case involving custody of a child, the district court ordered the respondent to pay $1,000 to be applied to the relator's attorney fees. We reversed that portion of the judgment, stating "[t]here is no statutory authority for awarding attorney fees in a habeas corpus proceeding in this state."[9] In *Anderson v. Houston*,[10] an inmate who sought credit on his sentence was awarded attorney fees and costs. We observed that Neb. Rev. Stat. § 29-2819 (Reissue 2016) "authorizes a court in a habeas corpus action to 'make such order as to costs as the case may require'"[11] and that Neb. Rev. Stat. § 29-2824 (Reissue 2016), which specifies fees taxable as costs in a habeas corpus proceeding, did not provide for an award of attorney fees. We stated, "No other statute specifically provides for the recovery of attorney fees in a habeas action, nor is there any recognized and accepted uniform course of procedure that allows the recovery of attorney fees in a habeas action."[12] Thus, we concluded that the district court erred in taxing the attorney fees as costs. And these were the two cases cited by the State in the written objection filed in the district court.

*In re Application of Ghowrwal* and *Anderson* correctly applied the law applicable in those cases. But neither case involved an attorney appointed by the court to represent an indigent subject seeking to use a habeas corpus proceeding to challenge the legality of his commitment under the SOCA.

[4] At this point, it is important to emphasize that the State explicitly declared in its initial brief that it does not "challenge [Stover's] appointment."[13] Neither the record presented to us in this appeal nor our record in the appeal of the denial of the writ contain any order appointing Stover as counsel or any objection to the appointment. Neither party requested

---

[9] *Id.* at 835, 301 N.W.2d at 352.

[10] *Anderson v. Houston*, 277 Neb. 907, 766 N.W.2d 94 (2009).

[11] *Id.* at 917, 766 N.W.2d at 102.

[12] *Id.*

[13] Brief for appellants at 5.

the preparation of a bill of exceptions in the habeas corpus appeal. And according to an affidavit of the official court reporter in the instant appeal, there were no proceedings on the record regarding the signing of the "Order Fixing Fee." To the extent that the State now asserts in its supplemental brief that the court's appointment of Stover was contrary to statute, there is no record to corroborate this argument. As a general proposition, it is incumbent upon the appellant to present a record supporting the errors assigned; absent such a record, an appellate court will affirm the lower court's decision regarding those errors.[14] Without a record, we decline to engage in speculation regarding the process that resulted in Stover's appointment.

[5] Moreover, there is nothing in our record to suggest that any error in the process followed to appoint Stover was ever presented to the district court. An issue not presented to or passed on by the trial court is not appropriate for consideration on appeal.[15] It seems to us that if the State wished to object to that procedure (whatever it was), the State should have done so promptly in the initial habeas proceeding. But, as the State never did so, we decline to address that issue and turn to the issue that the State actually raised—the statutory authority for Stover's fees.

Statutory authorization for Stover's fees is more complicated than some other situations. As we recently explained in *State v. Rice*,[16] a statute[17] applies to fees for appointed counsel for indigent felony defendants in criminal cases and a different statute[18] governs the appointment of counsel and payment of fees to appointed counsel in postconviction proceedings. We agree with the State that neither of these statutes

---

[14] *Pierce v. Landmark Mgmt. Group*, 293 Neb. 890, 880 N.W.2d 885 (2016).

[15] *Aldrich v. Nelson*, 290 Neb. 167, 859 N.W.2d 537 (2015).

[16] *State v. Rice, ante* p. 241, 888 N.W.2d 159 (2016).

[17] Neb. Rev. Stat. § 29-3905 (Reissue 2016).

[18] Neb. Rev. Stat. § 29-3004 (Reissue 2016).

authorizes the fees at issue here. But a statutory path exists nonetheless, and the State's supplemental brief follows it up to a point.

[6] The first step is the SOCA's incorporation of specific rights enumerated in the Nebraska Mental Health Commitment Act.[19] The SOCA specifies that a subject is entitled to the rights provided in §§ 71-943 to 71-960 during proceedings concerning the subject under the SOCA.[20]

[7] Second, the incorporated statutes authorize the appointment of counsel for subjects involved in proceedings under the SOCA. Section 71-945 states that "[a] subject shall have the right to be represented by counsel *in all proceedings under the* [*SOCA*]" and provides for the appointment of counsel by a court if the subject is found to be indigent. (Emphasis supplied.) The appointment of counsel under § 71-945 is to be in accordance with the procedures set forth in § 71-946. But as we have already noted, the record does not show that the State ever presented the district court with a challenge to the validity of Stover's appointment.

[8] Third, another incorporated statute expressly provides for the payment of fees for appointed counsel. The appointed attorney "shall apply to the court in which his or her appointment is recorded for fees for services performed" and after a hearing on the application, the court "shall fix reasonable fees" to be paid by the county "in which the application was filed."[21] This statute provides the clear statutory basis for payment of attorney fees for court-appointed counsel under the SOCA.

[9] Finally, another of these incorporated rights under the SOCA contemplates the filing of a petition for a writ of habeas corpus. Section 71-959(9) empowers a subject in custody or receiving treatment under the SOCA "[t]o file, either personally or by counsel, petitions or applications for writs of

---

[19] Neb. Rev. Stat. §§ 71-901 to 71-963 (Reissue 2009 & Cum. Supp. 2016).

[20] § 71-1224.

[21] See § 71-947.

habeas corpus for the purpose of challenging the legality of his or her custody or treatment."

D.I. was such a subject, and he sought a writ of habeas corpus to challenge the legality of his custody. And it was during the course of those proceedings that the district court for Madison County apparently appointed Stover to represent D.I. Stover thereafter applied to the district court for Madison County for fees, as permitted by § 71-947.

[10,11] Statutes relating to the same subject, although enacted at different times, are in pari materia and should be construed together.[22] Reading these statutes together, the Legislature has clearly authorized use of a habeas corpus proceeding to challenge a SOCA commitment, recognized a subject's right to appointed counsel in "all proceedings under the [SOCA],"[23] and provided a statutory basis for payment of attorney fees. We believe that this chain of statutes leads inescapably to one conclusion. We hold that an attorney validly appointed by a court to assist an indigent subject in a habeas corpus proceeding challenging the subject's custody or treatment under the SOCA is entitled to attorney fees under § 71-947.

We emphasize that the Legislature has created only a narrow exception to the general rule. For the most part, it remains true that there is no statutory authority for awarding attorney fees in a habeas corpus proceeding in this state. But Stover's claim for attorney fees falls within the exception. In *State v. Rice*,[24] we disapproved case law suggesting that a trial court must award fees in the amount requested if the State does not object. Although the State did not dispute the reasonableness of the fee, we see nothing in the record to show that the district court failed in its duty to allow only a reasonable fee.

The record does not permit us to go beyond this point. We express no opinion regarding the process followed by

---

[22] *Caniglia v. Caniglia*, 285 Neb. 930, 830 N.W.2d 207 (2013).

[23] § 71-945.

[24] *State v. Rice, supra* note 16.

the district court in appointing Stover. It may well be that in another case with a proper record, error in not following statutory procedures for appointment of counsel in SOCA proceedings might preclude a court-appointed counsel in a habeas proceeding from obtaining a fee. Thus, we urge bench and bar to exercise caution. We also express no opinion regarding whether a statute[25] providing for adjustment between counties of expenses incurred on account of a dangerous sex offender has any application to the fees awarded to Stover.

## CONCLUSION

We conclude that statutes authorize the payment of attorney fees incurred by court-appointed counsel representing an indigent subject challenging his or her custody or treatment under the SOCA via a petition for a writ of habeas corpus. Because Stover's fees were for services apparently performed in that capacity, we affirm the order of the district court.

Affirmed.

---

[25] See Neb. Rev. Stat. § 83-351 (Reissue 2014).