Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/16/2019 12:07 AM CDT

State of Nebraska, on behalf of State
of Florida, on behalf of Mia G.,
a minor child, appellant,
v. Julio G., appellee.

___ N.W.2d ___

Filed May 24, 2019.    No. S-18-642.

1. **Attorney Fees.** Whether attorney fees are authorized by statute or by
   the court's recognition of a uniform course of procedure presents a
   question of law.
2. **Judgments: Appeal and Error.** An appellate court independently
   reviews questions of law decided by a lower court.
3. **Constitutional Law: Due Process: Right to Counsel: Paternity.** Due
   process requires that an indigent defendant in a paternity proceeding
   be furnished appointed counsel at public expense.
4. **Paternity: Presumptions.** A notarized acknowledgment of paternity
   creates a rebuttable presumption of paternity, but the presumption
   can be challenged on the basis of fraud, duress, or material mistake
   of fact.

Appeal from the District Court for Lancaster County: Jodi L. Nelson, Judge. Affirmed.

Patrick F. Condon, Lancaster County Attorney, and Anna Marx for appellant.

Elise M.W. White, of White Law Office, P.C., L.L.O., for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

## NATURE OF CASE

In this appeal, we are asked to decide whether a court may appoint counsel at public expense for an indigent individual who has signed a notarized acknowledgment of paternity pursuant to Neb. Rev. Stat. § 43-1408.01 (Reissue 2016) but who, in response to a suit by the State for child support, challenges the acknowledgment of paternity under Neb. Rev. Stat. § 43-1409 (Reissue 2016) on the basis of fraud, duress, or material mistake of fact. Because we conclude that such appointment is required by due process, we reject the State's claim to the contrary and, accordingly, affirm.

## STATEMENT OF FACTS

Mia G., a minor child, was born in 2016, and on March 25, 2016, Julio G. and Mia's mother signed a notarized acknowledgment of paternity, attesting that Julio was the father of Mia. Julio is also named as the father on the minor child's birth certificate.

On May 1, 2017, the State, through the county attorney for Lancaster County, filed a child support action in the district court for Lancaster County against Julio on behalf of Mia and attached the signed acknowledgment of paternity to its complaint. On July 20, at a hearing before the district court referee, speaking through an interpreter, Julio admitted that he signed the acknowledgment of paternity in the hospital but challenged the acknowledgment and requested an attorney. Julio indicated that he does not read or speak English, that he did not know what he was signing, and that he was led to believe the acknowledgment related to medical care. Julio stated that "the doctors in Cuba had all told me that I could not have children." Julio stated that he would not have signed an acknowledgment of paternity without a DNA test and that prior to mistakenly signing the acknowledgment, he and Mia's mother had agreed they would complete genetic testing. Julio stated that "if I'm going to be ordered by the State to pay

child support for a child for 18 years, I just want to be sure that they're mine." The referee found that Julio was indigent and, over objections by the State, appointed counsel for Julio. On July 25, the district court entered a written order that appointed counsel for Julio to be paid by Lancaster County. In the order, the court made clear that the action was a paternity case.

Counsel for Julio proceeded to file pleadings consistent with Julio's claims and obtained an order for genetic testing. The parties agree that following DNA testing, Julio stipulated to paternity, and the referee determined that Julio should pay child support. The district court found that Julio is the biological father of Mia and entered an order for child support. Julio's appointed counsel moved for attorney fees and expenses. The district court granted attorney fees and expenses for fees incurred through the point at which appointed counsel sent a closing letter to Julio, consistent with its earlier order appointing counsel.

The State appeals.

## ASSIGNMENT OF ERROR

The State claims, summarized and restated, that the district court erred when it appointed counsel to represent Julio at public expense.

## STANDARD OF REVIEW

[1,2] Whether attorney fees are authorized by statute or by the court's recognition of a uniform course of procedure presents a question of law. *D.I. v. Gibson*, 295 Neb. 903, 890 N.W.2d 506 (2017). We independently review questions of law decided by a lower court. *Id.*

## ANALYSIS

The State contends that because paternity was presumed by the parties' acknowledgment of paternity, it was not at issue in its child support case, and that the district court erred when

it appointed counsel for Julio to be paid by Lancaster County. We reject the State's assignment of error.

[3] It is established in Nebraska that due process requires that an indigent defendant in a paternity proceeding be furnished appointed counsel at public expense. *Carroll v. Moore*, 228 Neb. 561, 423 N.W.2d 757 (1988). Although commenced as a child support case, paternity immediately became the central issue in this case when Julio challenged the acknowledgment of paternity, claiming a material mistake of fact under § 43-1409, and sought DNA testing pursuant to Neb. Rev. Stat. § 43-512.04 (Reissue 2016). It was established that Julio was indigent, and we conclude the district court did not err when it determined that paternity was at issue in the case and that Julio was entitled to court-appointed counsel.

*Relevant Statutes.*

We begin by setting forth the relevant and applicable statutes which frame the State's child support action and Julio's subsequent challenge to the notarized acknowledgment which placed paternity at issue in the case.

Section 43-1409 provides:

The signing of a notarized acknowledgment, whether under section 43-1408.01 or otherwise, by the alleged father shall create a rebuttable presumption of paternity as against the alleged father. The signed, notarized acknowledgment is subject to the right of any signatory to rescind the acknowledgment within the earlier of (1) sixty days or (2) the date of an administrative or judicial proceeding relating to the child, including a proceeding to establish a support order in which the signatory is a party. After the rescission period *a signed, notarized acknowledgment is considered a legal finding which may be challenged only on the basis of fraud, duress, or material mistake of fact with the burden of proof upon the challenger*, and the legal responsibilities, including the child support obligation, of any signatory arising from

> the acknowledgment shall not be suspended during the
> challenge, except for good cause shown. Such a signed
> and notarized acknowledgment or a certified copy or
> certified reproduction thereof shall be admissible in evi-
> dence in any proceeding to establish support.

(Emphasis supplied.) Section 43-512.04 discusses the proce-
dure for initiating an action for child support or medical sup-
port on behalf of a child whose paternity is presumed by a
notarized acknowledgment as described above in § 43-1409.
Section 43-512.04(4) provides:

> In such proceeding, if the defendant is the presumed
> father as described in subdivision (1)(b) of this section,
> the court shall make a finding whether or not the pre-
> sumption of paternity has been rebutted. The presumption
> of paternity created by acknowledgment as described in
> section 43-1409 may be rebutted as part of an equitable
> proceeding to establish support by genetic testing results
> which exclude the alleged father as being the biological
> father of the child. A court in such a proceeding may
> order genetic testing as provided in sections 43-1414
> to 43-1418.

*District Court Could Properly*
*Appoint Julio an Attorney*
*at Public Expense.*

At the initial court hearing, when the district court heard
Julio's challenge to his acknowledgment of paternity, the court
correctly determined and stated in its order that the child sup-
port case had become an action in which paternity was chal-
lenged, and hence a paternity action.

[4] Based on the language of § 43-1409, we have explained
that a notarized acknowledgment creates a rebuttable presump-
tion of paternity but that the presumption can be challenged
on the basis of fraud, duress, or material mistake of fact. *In
re Interest of Kodi L.*, 287 Neb. 35, 840 N.W.2d 538 (2013);
*Cesar C. v. Alicia L.*, 281 Neb. 979, 800 N.W.2d 249 (2011).

In this case, Julio followed the path set forth in § 43-1409 for challenging an acknowledgment of paternity. At the initial referee hearing, Julio told the referee that he had reasons to believe that he was not the biological father of the child. He explained that he did not know what he was signing when he signed the acknowledgment of paternity, because he did not read or speak English, the acknowledgment form was in English, and he believed it was a form pertaining to a medical matter relating to the birth of the child. Although the better practice is to file a challenge in writing using the language of the statute, Julio's challenge was sufficient under § 43-1409 to allege a material mistake of fact with regard to the acknowledgment form and was recognized as such by the referee. Julio acted promptly and unequivocally to put paternity at issue at the initial referee hearing, and the district court correctly determined that the case related to paternity in its order for appointment of counsel. Julio's subsequent motions to dismiss the complaint and for genetic testing and the affirmative defenses asserted in his answer are consistent with a paternity proceeding.

In *Carroll v. Moore*, 228 Neb. 561, 579, 423 N.W.2d 757, 767 (1988), we held that under the U.S. Constitution, an indigent person who is alleged to be the father of a child has "an absolute right" to court-appointed counsel in a paternity proceeding. See, also, *Elstun v. Elstun*, 8 Neb. App. 97, 589 N.W.2d 334 (1999), *reversed in part on other grounds* 257 Neb. 820, 600 N.W.2d 835. We noted that due process was implicated because, inter alia, the "threat of future incarceration resulting from a finding of paternity is significant in determining the need for counsel." *Carroll v. Moore*, 228 Neb. at 578, 423 N.W.2d at 767. We stated: "The concepts of 'fundamental fairness' and 'meaningful opportunity to be heard' which are integral to the notion of due process make the right to counsel mandatory." *Id.* at 579, 423 N.W.2d at 767. In *Carroll v. Moore*, we observed that all parties, including the State, are interested in an accurate and fundamentally

fair determination of paternity. Although the posture of *Carroll v. Moore* differs from the current case, its principles logically apply to this action initiated by the State and in which paternity was inextricably linked to the prosecution of the matter.

Because the child support action was based on a notarized acknowledgment of paternity, Julio's challenge to the acknowledgment under § 43-1409 rendered the action a "paternity proceeding." Julio was indigent, and under our recognized course of procedure, the district court correctly concluded that he had a right to court-appointed counsel at public expense. In this case, the district court properly ordered that appointed counsel's reasonable fees, up to and including preparation of the closing letter to the client, be paid by Lancaster County.

## CONCLUSION

In this action initiated by the State, Julio, who was indigent, challenged his signed acknowledgment of paternity under § 43-1409 based on a material mistake of fact. Julio had a right to appointed counsel at public expense. Accordingly, the district court did not err when it appointed counsel for Julio and ordered Lancaster County to pay reasonable attorney fees. We affirm the orders of the district court.

AFFIRMED.