Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/04/2025 09:09 AM CST

STATE OF NEBRASKA ON BEHALF OF JAIDE Y. AND
DEMEE Y., MINOR CHILDREN, APPELLEES, V.
HOPE N., APPELLANT, AND SIERRA Y., APPELLEE.

___ N.W.3d ___

Filed February 25, 2025.    No. A-24-418.

1. **Paternity: Appeal and Error.** In a filiation proceeding, the appellate court reviews the trial court's judgment de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion.

2. **Judgments: Appeal and Error.** When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling.

3. **Constitutional Law: Due Process: Right to Counsel: Paternity.** Due process requires that an indigent defendant in a paternity proceeding be furnished appointed counsel at public expense.

4. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Lincoln County: MICHAEL E. PICCOLO, Judge. Reversed in part and in part vacated, and cause remanded for further proceedings.

Hope N., pro se.

Stephen B. King, Deputy Lincoln County Attorney, for appellee State of Nebraska.

RIEDMANN, Chief Judge, and BISHOP and ARTERBURN, Judges.

- 490 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
STATE ON BEHALF OF JAIDE Y. & DEMEE Y. v. HOPE N.
Cite as 33 Neb. App. 489

Riedmann, Chief Judge.
## INTRODUCTION
Hope N. appeals from the order of the district court for Lincoln County adopting the district court referee's report establishing paternity and child support for Demee Y. and modifying child support for Jaide Y. Because we find that the district court erred in denying Hope's request for court-appointed counsel without first determining whether he was indigent, we reverse the order of the district court that denied Hope's motion for court-appointed counsel, vacate the subsequent order that adopted the referee's report, and remand the cause for further proceedings.

## BACKGROUND
Hope and Sierra Y. are Jaide's father and mother, respectively, and in March 2017, Hope was ordered to pay child support in the amount of $243 per month. In December 2023, the State filed a complaint to modify child support and add an additional child. The complaint alleged that in 2022, Demee was born to Sierra and Hope had signed an acknowledgment of paternity. In January 2024, Hope responded to the State's complaint and alleged that the acknowledgment of paternity was fraudulent. He requested DNA testing "at the cost of the State of Nebraska." He further asserted that a material change in circumstance had occurred "since the most recent support order was entered" in that he was presently incarcerated and was unable to pay the minimum child support order amount of $50 per month.

Hope failed to appear at a hearing before the district court referee on April 2, 2024. At the hearing, the referee accepted into evidence the acknowledgment of paternity, as well as a document from the Nebraska Department of Correctional Services showing that in February 2023, Hope began serving a sentence of 35 to 40 years' imprisonment. The referee found that Hope was Demee's father and modified Hope's child support to $50 per month for two children and $50 per month for one child.

- 491 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF JAIDE Y. & DEMEE Y. v. HOPE N.
Cite as 33 Neb. App. 489

On April 15, 2024, Hope filed a motion for hearing on exceptions, alleging that he had been prevented by prison staff from attending the April 2 hearing. Hope asserted that the court made its paternity determination despite his allegation that the acknowledgment was fraudulent, "all the while ignoring the indigent litigant's assertion of his right to counsel. [Hope] notes that in the notice of hearing, the State advises that the hearing was for the purpose of appointing counsel." The notice of hearing is not contained within our record.

On April 18, 2024, the district court ordered Hope, within 14 days of the order, to file a request for a bill of exceptions and either deposit a fee or request to proceed in forma pauperis. The district court stated that failure to follow the order would result in the dismissal of the exception to the referee's report. On April 23, Hope filed a "notice of disaccord." The notice does not specifically request that counsel be appointed; rather, Hope stated, "The public defender's office in Lincoln County does not value the interest of its clients and I have initiated a civil action against Kent Florom. Consider appointing Michael Nozicka if he is available." On April 30, Hope filed a motion for court-appointed counsel. In his motion, he asserted that "an indigent defendant has an absolute right to court-appointed counsel in state-initiated paternity proceedings." He further asserted that "[t]he indigent defendant, [Hope], has been granted order to proceed in forma pauperis by the court."

On May 9, 2024, Hope filed a motion to extend the deadline for filing the request for a bill of exceptions "and IFP." On May 14, the district court entered an order stating that Hope had been directed to file a request for a bill of exceptions but failed to do so within the time specified. The district court dismissed Hope's April 15 motion for hearing on exceptions and denied all other motions, including the motion for court-appointed counsel. On May 15, the district court entered an order adopting the referee's report and recommendations. Hope appeals.

- 492 -

Nebraska Court of Appeals Advance Sheets
33 Nebraska Appellate Reports
STATE ON BEHALF OF JAIDE Y. & DEMEE Y. v. HOPE N.
Cite as 33 Neb. App. 489

## ASSIGNMENTS OF ERROR

Hope assigns, reordered and restated, that (1) the district court erred in denying his request for court-appointed counsel and (2) the district court judge erred in failing to recuse himself. He also assigns that the district court erred in (3) failing to file a letter explaining why certain motions Hope submitted were not filed, (4) failing to hold a rehearing, and (5) using an allegedly fraudulent acknowledgment of paternity to establish paternity of Demee.

## STANDARD OF REVIEW

[1,2] In a filiation proceeding, the appellate court reviews the trial court's judgment de novo on the record to determine whether there has been an abuse of discretion by the trial judge, whose judgment will be upheld in the absence of an abuse of discretion. *State on behalf of Dady v. Snelling*, 10 Neb. App. 740, 637 N.W.2d 906 (2001). When reviewing a question of law, however, an appellate court reaches a conclusion independent of the lower court's ruling. *Id*.

## ANALYSIS

*Request for Counsel.*

Hope assigns that the district court erred in denying his request for court-appointed counsel. The State responds by acknowledging that due process provides an indigent defendant an absolute right to court-appointed counsel in state-initiated paternity proceedings. But it argues that Hope failed to file a request for counsel prior to the April 2, 2024, hearing and that he did not submit information to allow the district court to conduct an inquiry into his finances.

[3] Hope signed an acknowledgment of paternity of Demee in 2022. But in his response to the State's complaint to establish Demee's paternity and order child support, he alleged that the acknowledgment of paternity was fraudulent. Neb. Rev. Stat. § 43-1409 (Reissue 2016) provides, in part, that a notarized, signed acknowledgment of paternity can be challenged, even after the rescission deadline has passed, as

- 493 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF JAIDE Y. & DEMEE Y. v. HOPE N.
Cite as 33 Neb. App. 489

being the result of fraud, duress, or material mistake of fact. It is established in Nebraska that due process requires that an indigent defendant in a paternity proceeding be furnished appointed counsel at public expense. *State on behalf of Mia G. v. Julio G.*, 303 Neb. 207, 927 N.W.2d 817 (2019). Hope challenged the State's use of his acknowledgment of paternity of Demee because he alleged it was fraudulent; therefore, if Hope were indigent, he would be entitled to appointed counsel at public expense.

The only motion for court-appointed counsel that appears in the transcripts presented to this court was filed on April 30, 2024, after Hope filed his exception to the referee's report and before the district court ruled on the motion. There is no evidence that the district court conducted any inquiry into whether Hope was indigent and was thus entitled to appointed counsel at public expense before it denied his request. The district court erred in denying the motion without conducting this inquiry; therefore, we reverse the May 14 order denying Hope's motion for court-appointed counsel.

Because Hope requested the appointment of counsel prior to the district court's dismissal of his exception to the referee's report and the dismissal was entered without inquiry into Hope's indigency, we vacate the order of dismissal and remand the cause to the district court for further proceedings.

*Recusal of District Court Judge.*

Hope assigns that the district court judge erred in failing to recuse himself from this case. He argues the judge recused himself in other cases in which Hope was a party. However, there is no evidence before this court to support those assertions. Hope's argument is not supported by any evidence in the record; consequently, this assignment of error fails.

*Remaining Assignments of Error.*

[4] Hope's remaining assignments of error need not be addressed based on our decision that the district court erred in denying Hope's motion for court-appointed counsel without

- 494 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
33 NEBRASKA APPELLATE REPORTS
STATE ON BEHALF OF JAIDE Y. & DEMEE Y. v. HOPE N.
Cite as 33 Neb. App. 489

first conducting an inquiry into whether he was indigent. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it. *In re Interest of Steven V., ante* p. 256, 14 N.W.3d 18 (2024).

## CONCLUSION

Because we find the district court erred in denying Hope's motion for court-appointed counsel without conducting an inquiry into whether he was indigent, we reverse the May 14, 2024, order denying Hope's motion for court-appointed counsel and we vacate the May 15 order adopting the referee's report. We remand the cause for further proceedings consistent with this opinion.

REVERSED IN PART AND IN PART VACATED, AND
CAUSE REMANDED FOR FURTHER PROCEEDINGS.